UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO.:

ERNESTO L. JAIME
a/k/a ERNESTO L. HERNANDEZ
and other similarly-situated individuals,

    Plaintiff,

v.

MARBLE PROS INC
and OMRY LEVY, individually

    Defendants,
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b)

COMES NOW the Plaintiff ERNESTO L. JAIME a/k/a ERNESTO L. HERNANDEZ and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants MARBLE PROS INC, and OMRY LEVY, individually, and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act"),

2. Plaintiff was a resident of Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act. For clarification purposes, Plaintiff's complete name is Ernesto Luis Jaime Hernandez. Plaintiff's last name is Jaime. Due to a confusion Plaintiff was paid under the name of Ernesto Hernandez, Hereinafter Plaintiff ERNESTO L. JAIME will be called ERNESTO L. HERNANDEZ.

3. Corporate Defendant MARBLE PROS INC (hereinafter MARBLE PROS) is a for-profit Florida Corporation doing business in Miami-Dade, Broward, and Palm Beach areas, within the jurisdiction of this Honorable Court. At all times, Defendant was and is engaged in interstate commerce.

4. Individual Defendant OMRY LEVY is the owner/president, and manager of MARBLE PROS MARBLE PROS. This individual Defendant had operational control of the business and he is an employer within the meaning of 29 U.S.C. § 203(d).

## ALLEGATIONS COMMON TO ALL COUNTS

5. This cause of action is brought by Plaintiff ERNESTO L. HERNANDEZ to recover from Defendants overtime compensation, retaliatory damages, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLSA or the "ACT").

6. Corporate Defendant MARBLE PROS provides commercial and residential floors restoration and polishing services. Defendant specialize in marble, granite, terrazzo, limestone and other natural stones.

7. Defendant MARBLE PROS employed Plaintiff ERNESTO L. HERNANDEZ from approximately July 20, 2016 through April 20, 2017, or 39 weeks.

8. Plaintiff was a full time, non-exempt employee who was hired to work as a floor polisher technician. Plaintiff had a daily rate of $120.00 during his first 12 weeks of employment. Then, Plaintiff got a wage rate increase to $140.00 per day.

9. While employed by Defendants, Plaintiff worked 5 days per week from Monday to Friday. Plaintiff had a very irregular schedule, Plaintiff punched in at 7:00 AM, but he did not punch out every day. If Plaintiff finished his work assignment early, he was able to punch

out, but many days Plaintiff stayed working late and he could not return to the office to punch out because the office was already closed. Plaintiff estimates that he worked consistently and regularly a minimum of 50 hours per week.

10. Furthermore, at least one Saturday per month, Plaintiff worked from 8 to 10 extra hours, which constitute an additional day and additional overtime hours.

11. Plaintiff alleges that he was in agreement with the payment received for his days and hours worked, only during his first weeks of employment.

12. After that brief period, Plaintiff began to receive payment checks with missing days an hours worked. Plaintiff's paystubs showed a regular hourly rate, and hours worked that did not match with Plaintiff real schedule.

13. Plaintiff was paid bi-weekly with checks and paystubs. Plaintiff's paystubs were terribly confusing for Plaintiff because they did not show the number of days paid, and they reflected an hourly rate fluctuating between $10.00, $12.00, and $13.00 an hour. Sometimes, Plaintiff's paystubs showed some overtime hours paid, but most of the time Plaintiff was not paid overtime hours.

14. Additionally, when Plaintiff had to redo any defective work, he was not paid for that day. Plaintiff remembers one particular week around March 2017, in which he was not paid for three consecutive days of work because they had to redo the work.

15. Defendants time records were not accurate and reliable and did not reflect the real number of hours worked by Plaintiff and other similarly situated employees.

16. Therefore, Defendants willfully failed to pay Plaintiff overtime at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

17. Plaintiff complained to the owner of the business about overtime payment and missing days, and hours of work, and he always received the same uncomplete answer: "You are paid by day, you are not entitled to be paid overtime hours".

18. Upon information and belief, all employees similarly situated, working for Defendants were paid a daily wage rate, and all of them confronted the same problem as Plaintiff, missing payment for days, and hours worked for Defendant.

19. Plaintiff complained to the owner of the business **OMRY LEVY** about overtime payment on or about April 1, 2017, and he complained again for the last time on or about April 17, 2017. This time **OMRY LEVY** answered to Plaintiff: "This is the way we pay here, if you don't like it, get another job.

20. As a result of Plaintiff's complaints, on or about April 21, 2017, Defendants fired Plaintiff, they instructed Plaintiff not to show up for work. Plaintiff kept in touch with Defendants, waiting in vain to be called for work again.

21. Plaintiff is not in possession of time records, it is impossible for Plaintiff to produce a fairly or approximate estimate of unpaid wages, without the benefit of proper discovery.

22. Plaintiff ERNESTO L. HERNANDEZ intends to recover any unpaid regular and overtime hours at the rate of not less than one and one half times the regular rate at which he was employed, liquidated damages, retaliatory damages and any other relief available by law.

23. The additional individuals who may join this action are Defendant's employees who in one or more weeks, worked in excess of forty (40) hours (overtime hours) on or after July 2016. but did not receive their overtime rate of pay for all of the overtime hours worked within such workweeks.

# COUNT I:
# WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS

24. Plaintiff ERNESTO L. HERNANDEZ re-adopts each and every factual allegation as stated in paragraphs 1-23 above as if set out in full herein.

25. This action is brought by Plaintiff ERNESTO L. HERNANDEZ and those similarly-situated to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

26. Defendant MARBLE PROS provides commercial and residential floors restoration and polishing services. Defendant specializes in marble, granite, terrazzo, limestone and other natural stones

27. Defendant MARBLE PROS was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant provides floor restoration and polish to commercial and residential clients. Defendant employs more than two employees directly engaged in interstate commerce. At all time pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States. The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their

business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

28. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff worked as a floor polish technician. Plaintiff's activities were directed to the maintenance of the facilities providing services in interstate commerce. Additionally, through his daily activities, Plaintiff handled and worked with goods and materials that were moved in interstate commerce at any time of the business. Therefore, there is FLSA individual coverage.

29. Defendant MARBLE PROS employed Plaintiff ERNESTO L. HERNANDEZ from approximately July 20, 2016 through April 20, 2017, or 39 weeks.

30. Plaintiff was a full time, non-exempt employee who was hired to work as a floor polisher technician. Defendant set for Plaintiff a daily rate of $120.00 during his first 12 weeks of employment. Then, Defendant gave Plaintiff a wage rate increase to $140.00 per day.

31. While employed by Defendant, Plaintiff worked regularly 5 days per week from Monday to Friday. consistently and regularly a minimum of 50 hours per week.

32. Furthermore, at least one Saturday per month, Plaintiff worked from 8 to 10 extra hours, which constitute an additional day and additional overtime hours.

33. Plaintiff alleges that he was in agreement with the payment received for his days and hours worked, only during his first weeks of employment.

34. After that brief period, Plaintiff began to receive payment checks with missing days and missing hours of work. Plaintiff's paystubs showed a regular hourly rate, and hours worked that did not match with Plaintiff real schedule, and with the daily wage rate established.

35. Plaintiff was paid bi-weekly with checks and paystubs. Plaintiff's paystubs were terribly confusing for Plaintiff because they did not show the number of days paid, and they reflected a hourly rate fluctuating between $10.00, $12.00, and $13.00 an hour. Sometimes Plaintiff's paystubs showed some overtime hours paid, but most of the time Plaintiff was not paid overtime hours.

36. Additionally, every time Plaintiff had to redo any defective work, he was not paid for that day. Plaintiff remembers one particular week around March 2017, in which he was not paid for three days of work because they had to redo the work.

37. Defendants time records were not accurate and reliable and did not reflect the real number of hours worked by Plaintiff and other similarly situated employees.

38. Plaintiff worked 50 or more hours per week, however he was not paid for all his overtime hours.

39. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

40. Plaintiff was employed performing the same or similar duties as that of those other similarly-situated employees, who Plaintiff observed worked overtime hours without overtime compensation.

41. The records, if any, concerning the number of hours worked by Plaintiff and all other employees, and the compensation paid to such employees should be in the possession and custody of Defendant.

42. Defendant used a time-keeping method, but did not maintain accurate and complete time records of hours worked by Plaintiff and other employees. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

43. At the time of the filing of this complaint, Plaintiff is unable to produce a good faith estimate of unpaid wages, without the benefits of discovery.

44. Defendant should produce time and payment records, according to FLSA, 29 CFR Part 516 and should explain the method used to calculate the overtime hours worked by Plaintiff and other similarly situated individuals.

45. At all times, the Employer/Defendant MARBLE PROS, failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

46. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

47. Defendant MARBLE PROS knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the

commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

48. At the times mentioned, individual Defendant OMRY LEVY was the owner and manager of MARBLE PROS. Individual Defendant OMRY LEVY had financial and operational control the Corporations, he determined Plaintiff's employment terms and conditions, and is jointly liable for Plaintiff's damages. Individual Defendant OMRY LEVY was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interest of Corporate Defendant in relation to its employees including Plaintiff and others similarly situated.

49. Defendants MARBLE PROS and OMRY LEVY willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment, as set forth above.

50. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff ERNESTO L. HERNANDEZ and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly-situated and against the Defendants MARBLE PROS and OMRY LEVY on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff ERNESTO L. HERNANDEZ actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff ERNESTO L. HERNANDEZ and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATION; AGAINST ALL DEFENDANTS

51. Plaintiff ERNESTO L. HERNANDEZ re-adopts each and every factual allegation as stated in paragraphs 1-23 of this complaint as if set out in full herein.

52. Defendant MARBLE PROS was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant provides floor restoration and polish to commercial and residential clients. Defendant employs more than two employees directly engaged in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

53. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff worked as a floor polish technician. Plaintiff's activities were directed to the maintenance of the facilities providing services in interstate commerce. Additionally, through his daily

activities, Plaintiff handled and worked with goods and materials that were moved in interstate commerce at any time of the business. Therefore, there is FLSA individual coverage.

54. By reason of the foregoing, the Employer/Defendant MARBLE PROS was subjected to comply with the requirements of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

55. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…"

56. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

57. Defendant MARBLE PROS employed Plaintiff ERNESTO L. HERNANDEZ from approximately July 20, 2016 through April 20, 2017, or 39 weeks.

58. Plaintiff was a full time, non-exempt employee who was hired to work as a floor polisher technician. Defendant set for Plaintiff a daily rate of $120.00 during his first 12 weeks of employment. Then, Defendant gave Plaintiff a wage rate increase to $140.00 per day.

59. While employed by Defendant, Plaintiff worked regularly 5 days per week from Monday to Friday. consistently and regularly a minimum of 50 hours per week.

60. Furthermore, at least one Saturday per month, Plaintiff worked from 8 to 10 extra hours, which constitute an additional day and additional overtime hours.

61. Plaintiff alleges that he was in agreement with the payment received for his days and hours worked, only during his first weeks of employment.

62. After that brief period, Plaintiff began to receive payment checks with missing days and missing hours of work. Plaintiff's paystubs showed a regular hourly rate, and hours worked that did not match with Plaintiff's real schedule, and with the daily wage rate established.

63. Defendants time records were not accurate and reliable and did not reflect the real number of hours worked by Plaintiff and other similarly situated employees.

64. Plaintiff worked in excess of 40 hours every week period. However, Plaintiff was not paid for all hours worked at any rate. Plaintiff was not paid even at the minimum wage as required by law. In addition, Defendants did not pay Plaintiff for overtime hours at the rate of time and a half his regular hourly rate.

65. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

66. Plaintiff complained to the owner of the business OMRY LEVY about overtime payment and missing days, and hours of work, and he always received the same uncomplete answer: "You are paid by day, you are not entitled to be paid overtime hours".

67. Plaintiff complained to the owner of the business OMRY LEVY about overtime payment on or about April 1, 2017, and he complained again for the last time on or about April 17, 2017. This time, OMRY LEVY answered to Plaintiff: "This is the way we pay here, if you don't like it, get another job.

68. These complaints constituted protected activities under the Fair Labor Standards Act.

69. As a result of Plaintiff's multiple complaints, on or about April 21, 2017, Defendants took adverse actions against Plaintiff. Defendant ordered Plaintiff not to show up for work that day. Plaintiff kept calling Defendants, waiting in vain to be called for work again, but Defendant never scheduled Plaintiff to work again.

70. On or about April 21, 2016, Plaintiff was actually fired by the Defendants, due to his multiple complains requesting his hard-earned wages.

71. At all times during his employment, Plaintiff performed his work satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendant.

72. The termination of Plaintiff ERNESTO L. HERNANDEZ by the Defendant, was directly and proximately caused by Defendant's unjustified retaliation against Plaintiff because of his complaints about regular and overtime payment, in violation of Federal Law.

73. Moreover, Plaintiff's termination came just in temporal proximity after Plaintiff's participation in protected activity on or about April 17, 2017.

74. At the times mentioned, individual Defendant OMRY LEVY was the owner and manager of MARBLE PROS. Individual Defendant OMRY LEVY had financial and operational control the Corporations, he determined Plaintiff's employment terms and conditions, and is jointly liable for Plaintiff's damages. Individual Defendant OMRY LEVY was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interest of Corporate Defendant in relation to its employees including Plaintiff and others similarly situated.

75. Defendants MARBLE PROS, and OMRY LEVY willfully and maliciously retaliated against Plaintiff ERNESTO L. HERNANDEZ by engaging in retaliatory action that was materially adverse to a reasonable employee, and with the purpose to dissuade Plaintiff from exercising his rights under 29 U.S.C. 215(a)(3).

76. The Defendants' termination of Plaintiff ERNESTO L. HERNANDEZ was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

77. Plaintiff ERNESTO L. HERNANDEZ has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ERNESTO L. HERNANDEZ respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants MARBLE PROS, and OMRY LEVY that Plaintiff ERNESTO L. HERNANDEZ recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses;

D. Order the Defendants to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff ERNESTO L. HERNANDEZ further prays for such additional relief as the interests of justice may require.

JURY DEMAND

Plaintiff ERNESTO L. HERNANDEZ demands trial by jury of all issues triable as of right by jury.

DATED: May 18, 2017

        Respectfully submitted,

        By: **/s/ Zandro E. Palma**
        ZANDRO E. PALMA, P.A.
        Florida Bar No.: 0024031
        9100 S. Dadeland Blvd.
        Suite 1500
        Miami, FL 33156
        Telephone: (305) 446-1500
        Facsimile: (305) 446-1502
        zep@thepalmalawgroup.com
        *Attorney for Plaintiff*